SUMMARY ORDER

Petitioner Li Peng Wang, a native and citizen of the People’s Republic of China, seeks review of an October 27, 2008 order of the BIA affirming the July 20, 2006 decision of Immigration Judge (“IJ”) Joanna Miller Bukszpan denying Wang’s application for asylum and withholding of removal. In re Li Peng Wang, No. A 078 858 951 (B.I.A. Oct. 27, 2008), aff'g No. A 078 858 951 (Immig. Ct. N.Y. City July 20, 2006). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
When the BIA adopts the decision of the IJ and supplements the IJ’s decision, we review the decision of the IJ as supplemented by the BIA. See Yan Chen v. Gonzales, 417 F.3d 268, 271 (2d Cir.2005). We review the agency’s factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); see also Manzur v. U.S. Dep’t of Homeland Sec., 494 F.3d 281, 289 (2d Cir.2007). We review de novo questions of law and the application of law to undisputed fact. Salimatou Bah v. Mukasey, 529 F.3d 99, 110 (2d Cir.2008).
I. Asylum
Even when an applicant has established eligibility for asylum, the agency may deny the applicant’s application as a matter of discretion. See 8 C.F.R. §§ 208.14(a), 1208.14; Delgado v. Mukasey, 508 F.3d 702, 705 (2d Cir.2007). The agency’s “discretionary judgment whether to grant [asylum relief] shall be conclusive unless manifestly contrary to the law and an abuse of discretion.” 8 U.S.C. § 1252(b)(4)(D); see also Wu Zheng Huang v. INS, 436 F.3d 89, 96-97 & n. 9 (2d Cir.2006).
Here, despite finding that Wang established her eligibility for asylum based on her violation of China’s family planning policy with the birth of her U.S. citizen children, the IJ denied Wang’s application for asylum as a matter of discretion. The IJ found that although Wang’s two U.S.citizen children were a positive factor, it was outweighed by other negative factors, including: (1) Wang’s false claim of U.S. citizenship when she attempted to enter the United States; (2) her false testimony before an immigration officer; (3) her initial, false asylum application; (4) her receipt of government funds to pay for her children’s medical care; and (5) her husband’s continued presence in the United States in violation of his final removal order. The BIA found that the IJ’s discretionary denial was supported by the totality of the circumstances. We find no abuse of discretion in the agency’s determination.
Before this Court, Wang argues that the agency failed to consider her explanation for her false testimony and asylum application — that the snakehead who smuggled her into the United States told her that if she failed to present the false claim, she would be returned to China, but would still have to pay the smuggling fee. To the contrary, the IJ considered and rejected Wang’s explanation and did not abuse her discretion in doing so. Indeed Wang’s explanation confirmed only that she was willing to lie in order to receive an immigration benefit. With respect to Wang’s argument that the agency failed to consider the totality of the circumstances in denying her asylum application as a matter of discretion, we are similarly unpersuaded. Ultimately, where Wang claimed U.S. citizenship and lied to immigration author *617 ities by asserting that she feared persecution at a time when she did not, we cannot find an abuse of discretion in the agency’s decision. See Ke Zhen Zhao v. U.S. Dep’t of Justice, 265 F.3d 83, 93 (2d Cir.2001); cf. Wu Zheng Huang, 436 F.3d at 100.
II. Withholding of Removal
Wang also argues that the agency erred in concluding that she failed to demonstrate her eligibility for withholding of removal. However, this argument fails where we have previously reviewed the agency’s consideration of similar evidence and have found no error in its conclusion that such evidence was insufficient to establish an objectively reasonable fear of persecution. See Jian Hui Shao v. Mukasey, 546 F.3d 138, 156-65 (2d Cir.2008). Further, despite Wang’s argument to the contrary, there is nothing in the BIA’s decision compelling the conclusion that it failed to take into account all of her evidence. See Xiao Ji Chen v. U.S. Dep’t of Justice, 471 F.3d 315, 337 n. 17 (2d Cir.2006) (stating that we “presume that [the agency] has taken into account all of the evidence before [it], unless the record compellingly suggests otherwise.”).
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request DENIED in accordance Procedure 34(a)(2), for oral argument in this petition is with Federal Rule of Appellate and Second Circuit Local Rule 34(b).